UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Highland Apartments, L.L.C. *et al.*,

       Plaintiffs,

v.                                     Honorable Sean F. Cox

Richard Golden, *et al.,*              Case No. 08-14712

       Defendants.

_____/

**OPINION & ORDER**

This matter is currently before the Court on Defendants' Motion to Dismiss, wherein Defendants ask this Court to dismiss Plaintiffs' claims in this action under the *Colorado River* abstention doctrine because there is parallel litigation already pending in state court. For the reasons set forth below, the Court shall grant the motion in part and deny the motion in part. The Court concludes that abstention is warranted under *Colorado River*. After so concluding, however, this Court must then determine whether to dismiss the claims in this action or stay the claims. For the reasons stated below, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(c). As to the sole remaining federal claim, the Court shall stay that claim pending a resolution of the state court action.

BACKGROUND

A.    Factual Background:

Plaintiff Highland Apartments, L.L.C. owns and operates a multi-unit apartment building in Highland Park, Michigan ("the Apartment Building").

In August 2005, Sasson Sander Babayov ("Babayov") and Michael Riech ("Riech")

1

purchased the entire membership interest in Highland Apartments, L.L.C. from Richard Golden ("Golden") and Michael Kingsley ("Kingsley") under a written Membership Purchase Agreement. At closing, Babayov and Riech paid $400,000 in cash and paid the remaining $800,000 by executing a promissory note in that amount in favor of Golden and Kingsley. Babayov and Riech further granted Golden and Kingsley a mortgage on the Apartment Building to secure their interest.

Golden and Kingsley claim that Babayov and Riech are in default and that an amount in excess of $1,000,000 is currently owed to them.

Plaintiffs Highland Apartments, L.L.C. and Babayov[1] claim that, prior to closing, Golden and Kingsley made numerous misrepresentations about the Apartment Building.

B.    Procedural Background:

The parties have filed two actions relating to their disputes.

1.    The State Court Action:

On or about November 6, 2008, Golden and Kingsley filed suit against Highland, Babayov and Riech in Wayne County Circuit Court ("the State Court Action"). (*See* Ex. 2 to Defs.' Motion to Dismiss). In the State Court Action, Golden and Kingsley sought the appointment of a receiver for the Apartment Building (Count I) and also assert the following claims: breach of contract (Count II); breach of personal guarantees (Count III); common law conversion (Count IV); and statutory conversion (Count V).

On November 11, 2008, the state court judge, the Honorable Robert Ziolkowski, held an emergency hearing of a motion seeking appointment of a receiver. On or about November 11,

---

[1]Riech is not a party to this action.

2008, Judge Ziolkowski appointed Basil Simon as receiver for the Apartment Building.  (*See* Ex.

4 of Defs.' Motion to Dismiss).  "Plaintiffs consented to having the state court appoint Basil

Simon as a Receiver."  (Pls.' Br. at 12).

       2.      <u>This Federal Court Action:</u>

       Meanwhile, on November 7, 2008, Plaintiffs Highland Apartments, L.L.C. and Babayov

("Plaintiffs") filed this action against the following defendants: Golden, Kingsley, 12850

Highland, L.L.C., Andrew J. Munro ("Munro"), Munro & Zack, P.C., and Randy Pardy

("Pardy").  Plaintiffs' complaint asserts the following counts: "Count A-I - Recission [sic];"

"Count A-II - Receiver;" "Count B-I - Civil RICO;" "Count B-II - Civil Conspiracy;" "Count B-

III - Concert of Action;" "Count B-IV - Tortious Interference with a Contract and/or Business

Expectancy;" "Count B-V- Breach of Fiduciary Duty;" "Count B-VI - Conversion;" "Count B-

VII - Unjust Enrichment;" "Count C-I - Fraud in the Inducement" "Count C-II - Breach of

Contract;" "Count C-III - Embezzlement and/or Conversion."  The complaint was filed in federal

court based upon federal question jurisdiction, due to Plaintiff's RICO claim.  All of the

remaining claims are state-law claims over which this Court may exercise supplemental

jurisdiction.

ANALYSIS

A.     <u>Should This Court Abstain Under The *Colorado River* Abstention Doctrine?</u>

       In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the

Supreme Court held that federal courts may abstain from hearing a case solely because there is

similar litigation pending in state court.  *Colorado River*, 424 U.S. at 817.  "*Colorado River*

abstention rests on considerations of 'wise judicial administration' and the general principle

3

against duplicative litigation." *Bates v. Van Buren Township*, 122 Fed.Appx. 803, 806 (6th Cir. 2004) (quoting *Colorado River*, 424 U.S. at 817).

Typically, the "threshold question in *Colorado River* abstention is whether there are parallel proceedings in state court." *Bates,* 122 Fed.Appx. at 806.  Here, however, Plaintiffs concede that there are parallel proceedings in state court for purposes of *Colorado River* abstention.  (*See* Pls.' Resp. Br. at 12 n.4).  Accordingly, the Court shall proceed to examine whether considerations of judicial economy and federal-state comity warrant abstention.

The Sixth Circuit has summarized the various factors to be considered, from *Colorado River* and subsequent cases, as follows:

> 1) whether the state court has assumed jurisdiction over any res or property; 2) whether the federal forum is less convenient to the parties; 3) avoidance of piecemeal litigation; 4) the order in which jurisdiction was obtained; 5) whether the source of governing law is state or federal; 6) the adequacy of the state court action to protect the federal plaintiff's rights; 7) the relative progress of the state and federal proceedings; and 8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 340-42; *Bates,* 122 Fed.Appx. at 807.  After consideration of these factors, the Court concludes that abstention is appropriate.

The first factor is whether the state court has assumed jurisdiction over any res or property.  The Court believes that this factor weighs heavily in favor of abstention.  The state court has already appointed – with Plaintiffs' consent – a receiver for the Apartment Building. That Receiver, subject to the state court's oversight, has very broad powers over the Apartment Building and has been authorized to take possession and control of the Apartment Building.  (*See* Order Appointing Receiver.).

The second factor is whether the federal forum is less convenient to the parties.  Wayne

4

County Circuit Court is located a few blocks from this Court.  Thus, the federal forum and the state forum are equally convenient to the parties and the Court concludes that this factor is neutral in the analysis.

As to the next factor, even Plaintiffs admit that "there is some overlap" on the contract claims.  The Court concludes that the claims are inter-related and that abstention would help avoid piecemeal litigation.

The Court also concludes that the order of filing and relative progress in the state court also weighs in favor of abstention.  Although the two actions were filed very close in time, the State Court Action was filed first.  While the State Court Action likely has not progressed a great deal further than this action has, it is notable that a Receiver has already been appointed in that case and that a Receiver has already taken over possession and control of the Apartment Building.  In addition, the parties have already commenced discovery in the State Court Action. (*See* Pls.' Resp. Br. at 10) ("Plaintiffs did submit discovery requests to Defendants and Defendants requested documents from Plaintiffs," although Defendants have not picked up (or paid for) the documents that Plaintiffs scanned pursuant to Defendants' request.").

With the sole exception of Plaintiffs' RICO claim, all of Plaintiffs' claims in this action are state-law claims that will be governed by Michigan law.  Thus, state law primarily governs Plaintiffs' claims in this action and this factor weighs in favor of abstention.

The Court is not persuaded by Plaintiffs' arguments that the state court is inadequate to protect their rights simply because "Defendant Michael Kingsley is married to Hon. Diane Marie Hathaway, a former member of the Wayne County bench and a current sitting Michigan Supreme Court Justice."  (Pls.' Br. at 15).  Plaintiffs have not established that she would be a

witness or party in this matter.  Moreover, Plaintiffs have not even alleged any bias or
impartiality on the part of Judge Ziolkowski, the state court judge assigned to their case.

Finally, Plaintiffs admit that "both Courts have concurrent jurisdiction."  (Pls.' Resp. Br.
at 16).  Thus, this factor also weighs in favor of abstention.  *See Bates*, 122 Fed.Appx. at 807.

Accordingly, having considered the above factors, the Court finds that they weigh in
favor of abstention.

B.    <u>Having Determined That Abstention Is Appropriate, Should This Case Be Dismissed Or
Stayed?</u>

In their motion, Defendants assert that this Court should abstain under *Colorado River*
and then dismiss Plaintiffs' claims.  Neither party has challenged this Court's ability to dismiss
Plaintiffs' claims upon abstaining under *Colorado River*.  Nevertheless, it appears that in a
typical case, once the district court determines that abstention is warranted, the appropriate
course is to stay the proceedings rather than dismiss Plaintiffs' claims.  *See Bates*, 122 Fed.
Appx. at 808.

The Court does not believe that this action, however, presents a typical case.  Even before
determining the merits of the instant motion, this Court was considering whether it should
exercise supplemental jurisdiction over Plaintiffs' state-law claims in this action.  Pursuant to 28
U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction if: 1) the claim
raises a novel or complex issue of State law; 2) the claim substantially predominates over the
claim over which the district court has original jurisdiction; 3) the district court has dismissed all
claims over which it has original jurisdiction; or 4) in exceptional circumstances, there are other
compelling reasons for declining jurisdiction.

Here, Plaintiffs' complaint asserts 12 different counts.  Plaintiffs' RICO count is the only

6

federal claim.  The remaining 11 claims are state-law claims.  Having considered the various claims asserted by Plaintiffs in this action, this Court concludes that Plaintiffs' state-law claims clearly predominate.  In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiffs' RICO claim were presented to a jury along with their 11 state-law claims.  Thus, the potential for jury confusion is yet another reason for this Court to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims.  *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c).

Accordingly, this Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims and shall dismiss those claims without prejudice.

With respect to Plaintiffs' RICO claim, their sole remaining federal claim, the Court shall stay that claim.  *Bates*, 122 Fed.Appx. at 808.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.  The Motion is **GRANTED** to the extent that the Court concludes that abstention is warranted under *Colorado River*.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1367(c), this Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims in this action and hereby **DISMISSES** those claims **WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' RICO claim is **STAYED** pending the

7

resolution of the state court proceedings.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  June 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 15, 2009, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager

8